IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHONG SU YI, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PWG-16-765 |
| CAROLYN V. COLVIN, | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM OPINION

The above-captioned Complaint was filed on March 16, 2016, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Plaintiff's Motion for Leave to Proceed in Forma Pauperis shall be granted. Plaintiff has also filed a Supplemental Complaint. ECF No. 3. The Complaint, originally and as amended, is not a model of clarity. It was docketed as filed pursuant to 42 U.S.C. § 405 for review of the denial of social security benefits,[1] and it does appear to allege that Plaintiff's social security disability insurance ("SSDI") benefits were denied, and that denial was unconstitutional. Specifically, Plaintiff claims:

> Because what is not in Constitution is matter of State; and Congress had not said Insurance is Federal issue by Constitutional mandate; precedence in 18th amendment Prohibition and 21st Amendment its repeal; Constitutional mandate is needed for SSDI to be Federal Insurance Program. SSA lack Constitutional Authority to deny the Claim from Plaintiff.
>
> Conclusion
>
> Because there is no Constitutional mandate elevating SSDI as Federal Insurance Program, SSA lack Constitutional Authority to deny claim, from money it took; from payroll tax of Plaintiff. And since Plaintiff made claim onset date of 1985; and Plaintiff was covered till December of 2003; and SSA lacks Constitutional

---

[1] Plaintiff previously filed for review of the denial of social security benefits. See No. TDC-15-1453. The Court found that Plaintiff failed to exhaust his administrative remedies and the case was closed on January 8, 2016. ECF 17 & 20. Plaintiff's dissatisfaction with that result does not permit him to institute a new civil case regarding those issues.

>Authority to deny the claim, SSA lack probable cause to disprove onset date; SSA must pay the claim form claimed onset date of 1985.

Compl. 3-4.

>For relief Plaintiff seeks:
>
>Damages in the amount of $1,500.00 per month rent, 750.00 utility et al; per month; from 1985 to 1016 is 30 years times 12 is 360 is $810.000.00; plus interests; plus plaintiff's Monthly SSDI; approximately 1,800.00 x 360 is $640,000; plus interest; to reiterate 1.45 million plus interest; plus punitive damage in multiple of 100; and whatever other remedies relief court may see fit to grant; multiple of 100 is just because of BMW v. Gore to curtail excessiveness; court put limit to 4 times of damage; but here unlike BMW to preserve image; since luxury vehicle is image of brand; and to preserve protect propagate brand it is reasonable to do what BMW did; but these issues are persona nongrata; herein. There is trust and betrayal; no once since establishment of SSA's SSDI caught this; Over millions of lawsuits; it only came to light now, there was sever violation of Trust; in that Federal Government is last line of Trust; whether its SSA, FDA in food Or Drugs we take. The trust is inviolate; or must. Because this society is Capitalism; Capitalism must be the issue in punitive damage. Court held, revenue, size of company, Income, assets et al cannot be ingredient in deciding punitive damage. Court has not prohibited capitalism of its dislikes in amount payable; in hurt value; Therefore, when pro se; and no lawyers; who are part of intent of 'we the people' were involved; then 100 times is proper.

*Id.* at 4-5.

This Complaint is filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In this context, this Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth

a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations.... It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989).

Plaintiff has not provided any information that might lead to a reasonable conclusion that he has stated a claim based on the denial of his SSDI benefits or that some other plausible cause of action has accrued on his behalf. A separate Order follows dismissing this case.

April 28, 2016
Date

Paul W. Grimm
United States District Judge