IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

CHONG SU YI,

    Plaintiff,

v.                                             Civil Case No.: PWG-16-765

CAROLYN V. COLVIN,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff, who is proceeding *pro se*, filed this action against Carolyn Colvin, the acting Commissioner of the Social Security Administration alleging that the denial of his social security disability insurance ("SSDI") benefit was unconstitutional. Compl. 3-4, ECF No. 1; *see* Supp., ECF No. 3. I entered a Memorandum Opinion and an Order dismissing Plaintiff's Complaint on April 28, 2016, ECF Nos. 4 & 5, and on May 24, 2016, Plaintiff filed a Motion for Reconsideration of the April 28, 2016 Order, ECF No. 6. Because Plaintiff has not stated a meritorious reason to alter the previous conclusion of the Court, his Motions will be DENIED.

Plaintiff's motion, filed within twenty-eight days of the dismissal order, is a Rule 59(e) motion to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of So. Pines*, 532 F.3d 269, 277–80 (4th Cir. 2008).

> Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, [the Fourth Circuit] has previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.

*Pacific Ins. Co v. Am. Nat'l Fire. Ins. Co.,* 148 F.3d. 396, 403 (4th Cir. 1998). The Fourth Circuit has set clear limitations on Rule 59(e) motions and specified that these motions may not be used "to raise arguments which could have been raised prior to the issuance of the judgment . . . ." *See id.* "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright et al., *Fed. Prac. & Proc.* § 2810.1, at 124). It "is not a license for a losing party[] to get a 'second bite at the apple.'" *Shields v. Shetler,* 120 F.R.D. 123, 126 (D. Co. 1988) (cited in *Potter v. Potter,* 199 F.R.D. 550, 552 n.1 (D. Md. 2001)).

Plaintiff's Motion for Reconsideration constitutes a classic example of seeking a "second bite at the apple," which, if allowed, would defeat the concept of judicial finality and would transform motions practice into a never-ending cycle of intra-court review. He does not argue that "there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *See Robinson v. Wix Filtration Corp. LLC,* 599 F.3d 403, 411 (4th Cir. 2010). Rather, he simply presents his pleadings for a third time in his Motion for Reconsideration.

Accordingly, it is, this 9th day of Aug, 2016, hereby ORDERED that Plaintiff's Motion for Reconsideration, ECF No. 6, IS DENIED. The Clerk shall mail a copy of this Memorandum Order to Plaintiff.

/S/
_____
Paul W. Grimm
United States District Judge

dh